**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CASE NO.:**

HATTIESBURG CLINIC, P.A.,

    Plaintiff,

v.                                                                CIVIL ACTION NO. 2:26-cv-28-HSO-BWR

ROBERT F. KENNEDY, JR., SECRETARY OF
THE UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Defendant.

_____/

**COMPLAINT**

Plaintiff, Hattiesburg Clinic, P.A. ("Plaintiff" or "Hattiesburg Clinic"), by and through undersigned counsel, hereby files this Complaint against Defendant, Robert F. Kennedy, Jr., Secretary of the United States Department of Health and Human Services (the "Secretary"), in his official capacity, and in support states as follows:

**INTRODUCTION**

1.  Hattiesburg Clinic brings this action for judicial review in a United States District Court of the Administrative Law Judge's ("ALJ") seven related unfavorable decisions (the "Unfavorable Decisions"), dated February 14, 2025, and attached together hereto as **Exhibit A**.[1]

2.  Hattiesburg Clinic timely appealed the Unfavorable Decisions to the Medicare Appeals Council (the "MAC"), and properly requested escalation of the case to federal district

---

[1] The seven ALJ decisions are substantively identical and pertain to claims involving the same medical services rendered to a single beneficiary across four dates of service. Due to Medicare's billing requirements for claims exceeding a certain threshold dollar amount, the claims at issue were submitted as multiple billed units, resulting in separate ALJ decisions corresponding to those billed units.

-2-

court following expiration of the 90-day timeframe under 42 C.F.R. § 405.1100(c). The MAC, being unable to issue a decision, dismissal, or remand order within five calendar days of Hattiesburg Clinic's request to escalate to federal district court, issued an Order Granting the Request for Escalation on December 30, 2025, a copy of which is attached hereto as **Exhibit B**. Accordingly, Hattiesburg has brought timely suit of the matter.

## JURISIDICTION AND VENUE

3. This District Court has subject-matter jurisdiction under 42 U.S.C. § 405(g), 42 U.S.C. § 1395ff(b)(1)(A) and 28 U.S.C. § 1331 because Hattiesburg Clinic challenges the Secretary's final agency action and seeks a determination of entitlement to Medicare reimbursement.

4. Venue is proper in this District Court because Hattiesburg Clinic's principal place of business is located within this judicial district at 415 South 28th Avenue, Hattiesburg, Mississippi 39401.

## FACTUAL ALLEGATIONS

5. This civil action arises from the federal Medicare appeals process.

6. Hattiesburg Clinic is Mississippi's largest multi-specialty clinic and has been providing quality medical services to the community for nearly 60 years.

7. Hattiesburg Clinic has over 500 physicians and providers located in 17 counties across Mississippi. Its mission as a group practice is to provide high-quality, patient-centered health care in an efficient and cost-effective manner. Hattiesburg Clinic provides family medicine, pediatric and specialty services in 68 locations throughout Mississippi. Additionally, Hattiesburg Clinic operates five immediate care clinics and 14 dialysis units located throughout the southern portion of the State.

-3-

8. At issue here, Hattiesburg Clinic submitted certain Medicare claims and has subsequently appealed adverse determinations involving those claims through the administrative review system.

9. Specifically, Hattiesburg Clinic submitted assigned Medicare claims for wound care services furnished to one patient in November 2023 to treat the patient's nonhealing ulcer of left lower extremity.

10. The claims were denied upon initial determination, redetermination, and reconsideration.

11. On December 3, 2024, the Office of Medicare Hearings and Appeals ("OMHA") received Hattiesburg Clinic's timely request for an ALJ hearing, which occurred on January 22, 2025.

12. On February 14, 2025, the ALJ issued the Unfavorable Decisions, finding that Hattiesburg failed to prove by the preponderance of the evidence that (1) the wound care product at issue was being used in the same manner for which it qualifies for a designated 361 Human Cells Tissues, and Cellular Tissue-Based Products (HCT/P) exemption, and (2) the wound care services provided met the coverage guidelines as set forth in the Local Coverage Determination (LCD) L35041.

13. The Unfavorable Decisions are incorrect, as the medical products and services rendered were medically reasonable and necessary and met accepted standards of care under applicable Medicare guidelines at the time services were rendered, and therefore should have been covered.

14. The Unfavorable Decisions are further erroneous in finding liability against Hattiesburg Clinic because, even if the products and services did not meet Medicare coverage

guidelines (which Hattiesburg Clinic disputes), the limited liability and recoupment waiver issues under Sections 1879 and 1870(b) of the Social Security Act (the "Act") apply to the claims at issue and establish that Hattiesburg Clinic neither had nor reasonably could have been expected to have the requisite knowledge that the services were excluded from Medicare coverage based on experience, actual notice, or constructive notice. The ALJ did not evaluate these limited liability and recoupment waiver issues in the decision, as it should have, and is therefore further erroneous.

15. The ALJ also misinterpreted the applicable LCD in reaching its determination, and in any event, a Medicare provider cannot be financially penalized for violating an LCD under the United States Supreme Court precedent.

16. Accordingly, the ALJ erred in finding that the medical products and services at issue were not covered by Medicare and that Hattiesburg Clinic is liable for any alleged overpayment.

17. After receiving the Unfavorable Decisions from an ALJ, Hattiesburg Clinic timely sought review by the MAC, and received an Order from the MAC allowing it to escalate the case to this federal District Court.

18. Accordingly, Hattiesburg Clinic seeks reversal of the erroneous ALJ Unfavorable Decisions and appropriate reimbursement under the Medicare program.

19. Having timely and properly exhausted all administrative remedies and appeals of this matter, Hattiesburg Clinic seeks judicial review of the Unfavorable Decisions within this Court.

**COUNT I – DECLARATORY JUDGMENT**

20. Hattiesburg Clinic hereby adopts, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 19 of this Complaint as though they are fully set forth herein.

21. 28 U.S.C. § 2201(a) provides as follows:

> In a case of actual controversy within its jurisdiction . . . as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

22. The Secretary's Decision, through the Unfavorable Decisions, was arbitrary, capricious, and an abuse of discretion pursuant to § 205(g) of the Act, as it failed to apply and/or misapplied applicable Medicare laws and guidelines and misinterpreted applicable LCDs.

23. As a direct and proximate cause of the Secretary's Decision, Hattiesburg Clinic has been deprived of its due process rights to participate in the Medicare administrative process.

24. Hattiesburg has an actual and present controversy about its rights under the regulations, which are ripe for resolution and can only be resolved through a declaratory judgment by this Court.

WHEREFORE, Plaintiff, Hattiesburg Clinic, P.A. respectfully requests that this Honorable Court declare that Defendant, Robert F. Kennedy, Jr., Secretary of the United States Department of Health and Human Services' decision and/or final agency action through the Unfavorable ALJ Decisions were arbitrary and capricious, and an abuse of discretion.

**COUNT II – PRESERVATION OF RIGHTS AND JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURES ACT**

25. Hattiesburg Clinic hereby adopts, re-alleges, and incorporates the allegations contained in Paragraphs 1 through 19 of this Complaint as though they are fully set forth herein.

26. 5 U.S.C. § 705 provides as follows:

> On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court,

> including the court to which a case may be taken on appeal . . . may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

27. Hattiesburg Clinic requests this Court review the Unfavorable Decisions and find that the ALJ—and in turn, the Secretary—erred in issuing Unfavorable Decisions, as the ALJ failed to apply and/or misapplied applicable Medicare laws and guidelines and misinterpreted applicable LCDs.

28. Hattiesburg Clinic further requests that this Court require the Secretary to overturn the Unfavorable Decisions and find in its favor.

29. Accordingly, pursuant to 5 U.S.C. § 705, this Court should exercise its power to the fullest extent necessary to prevent continuing irreparable injury to Hattiesburg Clinic.

WHEREFORE, Plaintiff, Hattiesburg Clinic, P.A., respectfully requests that this Honorable Court (a) overturn the Secretary's decision and find in Hattiesburg Clinic's favor by issuing a finding that Hattiesburg Clinic owes no repayments to the Medicare program, or, in the alternative, that any alleged liability on the part of Hattiesburg Clinic be limited and the alleged overpayment be waived and adjusted to zero due to Hattiesburg Clinic being without fault; (b) award recovery of Hattiesburg Clinic's reasonable attorneys' fees and costs incurred in bringing this action to the extent authorized under the law; and (c) award such other and further relief as this Honorable Court deems just and proper.

**Dated: March 2, 2026.**

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
106 S. President Street, Suite 400
Jackson, Mississippi 39201
Telephone: (601) 914-6108
Brad.Moody@nelsonmullins.com

By: _____
Brad C. Moody
Mississippi Bar No.:

*Attorneys for Plaintiff, Hattiesburg Clinic, P.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2026, a true and correct copy of the foregoing was filed with the Court's electronic filing CM/ECF system, which will send a notice of electronic filing on all counsel or parties of record.

By: _____