**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**HATTIESBURG CLINIC, P.A.**

**Plaintiff,**

**vs.**

**ROBERT F. KENNEDY, JR., Secretary of Health & Human Services**

**Defendant.**

**Case No. 2:26-cv-28-HSO-BWR**

## Answer and Affirmative Defenses

Defendant Robert F. Kennedy, Jr., in his official capacity as Secretary of the United States Department of Health and Human Services ("HHS" or the "Secretary"), answers the Complaint (Doc. 1) filed by Plaintiff Hattiesburg Clinic, P.A. ("Plaintiff" or "Hattiesburg Clinic"). Unless expressly admitted, Defendant denies each and every allegation in the Complaint. Defendant answers the allegations using the same numbering, paragraph, and heading conventions as the Complaint for ease of reference; to the extent any headings or titles could be construed to contain factual allegations, Defendant denies those allegations as stated.

## INTRODUCTION

1. This Paragraph, together with footnote 1, consists of Plaintiff's characterization of its case and each of the seven Administrative Law Judge ("ALJ") decisions, dated February 14, 2025 (the "Unfavorable Decisions") and reference to Exhibit A, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations as stated. The Court is respectfully directed to the Unfavorable Decisions (which are located in the Administrative Record ("AR")[1] at Vol. 1 at 287-305, Vol. 2 at 297-315, Vol. 3 at 291-309, Vol. 4 at 287-305, Vol. 5 at 314-332, Vol. 6 at 170-188, and Vol. 7 at 315-333) for their full, true, and correct contents.

2. Defendant admits that the Medicare Appeals Council ("Council") issued an Order Granting Request for Escalation on December 30, 2025, copies of which are located in the AR at pages 1-4 of Volumes 1 thru 7. The remainder of this Paragraph consists of Plaintiff's characterization of the administrative proceedings and applicable regulations, and Plaintiff's legal conclusion that suit was timely filed, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations as stated. The Court is respectfully directed to 42 C.F.R. § 405.1100(c) and to pages 1-4 of AR Vol. 1, AR Vol. 2, AR Vol. 3, AR Vol. 4, AR Vol. 5, AR Vol. 6, and AR Vol. 7, for their full, true, and correct contents.

---

[1] In addition to this Answer, Defendant contemporaneously files a Motion to File the Administrative Record with Restricted Access, in which he seeks to conventionally file the Administrative Record within seven days of an Order granting the Motion.

## JURISDICTION AND VENUE

3. Defendant admits that this Court has subject-matter jurisdiction over this action pursuant to 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1395ff(b)(1)(A), which authorizes judicial review of the Secretary's final decisions in the Medicare program. The remainder of this Paragraph consists of Plaintiff's characterization of its claims, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations as stated.

4. Defendant admits that venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

5. Defendant admits that this action arises from the Medicare administrative appeals process.

6. Defendant is without sufficient knowledge or information to ascertain the truth of the allegations in this Paragraph and, on that basis, denies the allegations as stated.

7. Defendant is without sufficient knowledge or information to ascertain the truth of the allegations in this Paragraph and, on that basis, denies the allegations as stated.

8. Defendant admits that Hattiesburg Clinic submitted Medicare claims and appealed adverse determinations regarding those claims through the administrative review system. Defendant denies any remaining characterization in this Paragraph.

9. This paragraph consists of Plaintiff's characterization of claims submitted to Medicare and the basis for the claims, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph. Defendant admits only that Hattiesburg Clinic submitted assigned Medicare claims forwound care services furnished to one beneficiary, with dates of service in November 2023. The Court is respectfully directed to the Unfavorable Decisions, (located in the AR at Vol. 1 at 287-305, Vol. 2 at 297-315, Vol. 3 at 291-309, Vol. 4 at 287-305, Vol. 5 at 314-332, Vol. 6 at 170-188, and Vol. 7 at 315-333), and to the supporting medical records (located in the AR at: Vol. 1 at 315-319, 341-367; Vol. 2 at 325-329, 349-384; Vol. 3 at 319-322, 344-373; Vol. 4 at 315-319, 342-368; Vol. 5 at 342-346, 368-394; Vol. 6 at 198-201, 222-251; and Vol. 7 at 343-346, 367-399) for their full, true, and correct contents regarding the beneficiary's diagnosis and treatment.

10. Defendant admits that the claims at issue were denied upon initial determination, redetermination, and reconsideration. The Court is respectfully directed to the initial determinations and explanations of benefits (located in the AR at Vol. 1 at: 312, 320-324; Vol. 2 at 322, 330-332; Vol. 3 at 316, 323-326; Vol. 4 at 312, 320-324; Vol. 5 at 339, 347-351; Vol. 6 at 195, 202-205; and Vol. 7 at 340, 347-349), to the redetermination decisions (located in the AR at Vol. 1 at 325-333, Vol. 2 at 333-341, Vol. 3 at 328-336, Vol. 4 at 326-334, Vol. 5 at 352-360, Vol. 6 at 206-214, and Vol. 7 at 351-359), and to the reconsideration decisions (Vol. 1 at 412-420, Vol. 2 at 429-437, Vol. 3 at 418-426, Vol. 4 at

413-421, Vol. 5 at 439-447, Vol. 6 at 296-304, and Vol. 7 at 444-452) for their full, true, and correct contents.

11. Defendant admits that the Office of Medicare Hearings and Appeals ("OMHA") received seven timely requests for an ALJ hearing filed on December 3, 2024, and that a consolidated hearing regarding all seven appeals was held on January 22, 2025. The Court is respectfully directed to each request for ALJ hearing (located in the AR at Vol. 1 at 308-310, Vol. 2 at 318-320, Vol. 3 at 312-314, Vol. 4 at 308-310, Vol. 5 at 335-337, Vol. 6 at 191-193, and Vol. 7 at 336-338), and the certified transcript of the consolidated hearing (located in the AR at Vol. 1 at 564-593, AR Vol. 2 at 591-620, AR Vol. 3 at 580-609, AR Vol. 4 at 565-594, AR Vol. 5 at 590-619, AR Vol. 6 at 447-476, and AR Vol. 7 at 596-625) for their full, true, and correct contents.

12. This Paragraph consists of Plaintiff's characterizations of the ALJ's findings in the Unfavorable Decisions, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph. Defendant admits only that on February 14, 2025, the ALJ issued the seven Unfavorable Decisions. The Court is respectfully directed to the Unfavorable Decisions (located in the AR at Vol. 1 at 287-305, Vol. 2 at 297-315, Vol. 3 at 291-309, Vol. 4 at 287-305, Vol. 5 at 314-332, Vol. 6 at 170-188, and Vol. 7 at 315-333) for their full, true, and correct contents.

13. This Paragraph consists of Plaintiff's argumentation and legal conclusions, to which no answer is required. To the extent an answer is deemed required, Defendant

denies the allegations in this Paragraph.

14. This Paragraph consists of Plaintiff's argumentation and legal conclusions regarding Sections 1879 and 1870(b) of the Social Security Act ("the Act") and the ALJ's treatment thereof, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph. The Court is respectfully directed to the Unfavorable Decisions (located in the AR at Vol. 1 at 287-305, Vol. 2 at 297-315, Vol. 3 at 291-309, Vol. 4 at 287-305, Vol. 5 at 314-332, Vol. 6 at 170-188, and Vol. 7 at 315-333) and to §§ 1879 and 1870(b) of the Act for their full, true, and correct contents.

15. This Paragraph consists of Plaintiff's argumentation and characterizations of the ALJ's interpretation of the applicable Local Coverage Determination ("LCD") and Plaintiff's characterization of an unspecified legal precedent, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph. The Court is respectfully directed to the Unfavorable Decisions (located in the AR at Vol. 1 at 287-305, Vol. 2 at 297-315, Vol. 3 at 291-309, Vol. 4 at 287-305, Vol. 5 at 314-332, Vol. 6 at 170-188, and Vol. 7 at 315-333), and to LCD L35041 for their full, true, and correct contents.

16. This Paragraph consists of Plaintiff's argumentation and legal conclusions, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph.

17. Defendant admits that, following the Unfavorable Decisions, Hattiesburg

Clinic sought review by the Council and received an Order from the Council granting escalation to this Court. The Court is respectfully directed to the Order, (located at pages 1-4 of the AR at Vols. 1-7) for its full, true, and correct contents.

18. This Paragraph consists of Plaintiff's characterization of the relief it seeks, to which no answer is required. To the extent an answer is deemed required, Defendant denies that Plaintiff is entitled to any such relief.

19. This Paragraph consists of Plaintiff's legal conclusion regarding exhaustion of administrative remedies, to which no answer is required. To the extent an answer is deemed required, Defendant admits that the Council granted Hattiesburg Clinic's request for escalation to federal district court, as reflected in pages 1-4 of AR Vols. 1-7, and otherwise denies the allegations in this Paragraph as stated.

**COUNT I – DECLARATORY JUDGMENT**

20. Defendant incorporates by reference its answers to Paragraphs 1 through 19 above as though fully set forth herein.

21. This Paragraph consists of Plaintiff's quotation from 28 U.S.C. § 2201(a), to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations as stated. The Court is respectfully directed to 28 U.S.C. § 2201(a) for its full, true, and correct contents.

22. This Paragraph consists of Plaintiff's argumentation and legal conclusions regarding §205(g) of the Act, to which no answer is required. To the extent an answer is

deemed required, Defendant denies the allegations in this Paragraph. The Court is respectfully directed to § 205(g) of the Act for its full, true, and correct contents.

23. This Paragraph consists of Plaintiff's argumentation and legal conclusions, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph.

24. This Paragraph consists of Plaintiff's argumentation and legal conclusions, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph.

The remainder of this section contains Plaintiff's prayer for relief, to which no answer is required. To the extent an answer is deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested.

## COUNT II - PRESERVATION OF RIGHTS AND JUDICIAL REVIEW UNDER THE ADMINISTRATIVE PROCEDURES ACT

25. Defendant incorporates by reference its answers to Paragraphs 1 through 19 above as though fully set forth herein.

26. This Paragraph consists of Plaintiff's quotation from 5 U.S.C. § 705, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations as stated. The Court is respectfully directed to 5 U.S.C. § 705 for its full, true, and correct contents.

27. This Paragraph consists of Plaintiff's argumentation and legal conclusions, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph.

28. This Paragraph consists of Plaintiff's characterization of the relief it seeks, to which no answer is required. To the extent an answer is deemed required, Defendant denies that Plaintiff is entitled to any such relief.

29. This Paragraph consists of Plaintiff's argumentation and legal conclusions and its characterization of the relief sought, to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in this Paragraph and Defendant denies that Plaintiff is entitled to any such relief.

The remainder of this section contains Plaintiff's prayer for relief, to which no answer is required. To the extent an answer is deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested, including but not limited to any award of attorneys' fees and costs.

The section headings in bold typeface are Plaintiff's own labels. Defendant denies them.

Defendant denies that Plaintiff is due any relief whatsoever. Any allegation in the Complaint not specifically admitted above is denied.

## AFFIRMATIVE DEFENSES

1. The Unfavorable Decisions of the ALJ, which became the final agency

decisions subject to judicial review upon the Medicare Appeals Council's grant of Plaintiff's request for escalation pursuant to 42 C.F.R. § 405.1100(c), are found in the Administrative Record ("AR") filed concurrently herewith at: Vol. 1 at 287-305; Vol. 2 at 297-315; Vol. 3 at 291-309; Vol. 4 at 287-305; Vol. 5 at 314-332; Vol. 6 at 170-188; and Vol. 7 at 315-333. Each Unfavorable Decision was rendered in accordance with the applicable legal standards and is supported by substantial evidence, and is therefore due to be affirmed. 42 U.S.C. § 1395ff(b)(1) (incorporating 42 U.S.C. § 405(g)).

2. Jurisdiction is limited to review of the agency decision, under the exclusive statutory basis for this civil action. 42 U.S.C. § 1395ff, which incorporates 42 U.S.C. § 405(g). Sovereign immunity bars anything more than or other than the review contemplated by the limited wavier of sovereign immunity at 42 U.S.C. § 405(g).

3. The Complaint states claims upon which relief cannot be granted.

4. Defendant reserves the right to assert any additional affirmative defenses.

WHEREFORE, having fully answered, Defendant prays for judgment in his favor and asks the Court to grant such further relief as may be appropriate.

Date: September 4, 2026

Respectfully submitted,

J.E. BAXTER KRUGER
United States Attorney
Southern District of Mississippi

*/s/Jessica Bourne Williams*
JESSICA BOURNE WILLIAMS

Assistant United States Attorney
Mississippi Bar Number 103922
501 E. Court St., Ste. 4.430
Jackson, Mississippi 39201
Telephone: (601) 973-2863
Fax: (601) 965-4032
Email: Jessica.Williams3@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Jessica Bourne Williams, Assistant U.S. Attorney, hereby certify that, on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notice to all counsel of record.

September 4, 2026

JESSICA BOURNE WILLIAMS
Assistant United States Attorney